IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JUDIA H. ELLIOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-199 |
| | ) | |
| RICHMOND COUNTY MARSHALS OFFICE; OFFICER BRANTLEY; OFFICER BILLMAN; OFFICER GRIER; OFFICER WIGGINS; OFFICER BROWN; OFFICER HART; and OFFICER ROCHE, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

| | | |
|---|---|---|
| JUDIA H. ELLIOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-200 |
| | ) | |
| VINEBROOK HOMES, Successor to Conrex Property Management, LLC, agent of Rex Residential Property Owner A LLC for the Subject Premises, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**

_____

On December 27, 2023, Plaintiff Judia H. Elliot filed a complaint and a motion to proceed *in forma pauperis* ("IFP") asserting a variety of civil rights violations concerning an eviction enforced by officers from the Richmond County Marshals Office. See Elliot v. Richmond Cnty. Marshals Office, et al., CV 123-199 (S.D. Ga. Dec. 27, 2023) (hereinafter

"CV 123-199"). On the same day, Plaintiff filed another lawsuit, motion to proceed IFP, and asserted the same civil rights violations in a second case against Defendant Vinebrook, the property owner that filed the eviction. See Elliot v. Vinebrook Homes, CV 123-200 (S.D. Ga. Dec. 27, 2023) (hereinafter "CV 123-200"). Both cases are based on an alleged illegal eviction by Defendant Vinebrook, which resulted in the purported civil rights violations caused by enforcement of the eviction by the Richmond County Marshals. (Compare CV 123-199, doc. no. 1, with CV 123-200, doc. no. 1.) Federal Rule of Civil Procedure 42 provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid necessary cost or delay.

Fed. R. Civ. P. 42(a). Rule 42 "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotations omitted). The decision to consolidate cases is committed to the sound discretion of the trial court. Id.; see also Hendrix v. Raybestos–Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely discretionary."). Because the above-styled cases involve the same questions of law and facts, they should be consolidated. See Falcetta v. Credit Collection Servs., No. 1:20-CV-1990-AT-JCF, 2020 WL 10046094, at *1 (N.D. Ga. Nov. 20, 2020) (consolidating multiple actions, including FCRA action, concerning same events).

Accordingly, the Court **DIRECTS** the **CLERK** to **CONSOLIDATE** CV 123-199 and CV 123-200, **CLOSE** CV 123-200, and **ADD** Defendant "Vinebrook Homes, Successor to Conrex Property Management, LLC, agent of Rex Residential Property Owner A LLC for the

Subject Premises" to the docket as a Defendant in CV 123-199. Plaintiff Elliot's case shall proceed **ONLY** as CV 123-199, and any future filings shall be captioned, filed, and docketed under CV 123-199.

Moreover, for the reasons explained below, Plaintiff must, within twenty-one days of this Order, submit a new IFP motion and an amended complaint.

## I.     MOTION TO PROCEED IFP

Plaintiff has requested permission to proceed IFP. (Doc. no. 2.) Because Plaintiff has provided incomplete answers to the questions on her IFP motion, the Court does not have sufficient information to determine whether Plaintiff should be allowed to proceed IFP.

Under penalty of perjury and having been warned that providing a false statement may result in dismissal of her claims, Plaintiff states she receives no wages and in the past twelve months, has not received any income from any source. (See generally id.) She further states she has no money in a checking or savings account, owns no property or thing of value, and has no expenses for housing, utilities, or other regular monthly expenses. (Id. at 2.) Furthermore, on her complaint, Plaintiff lists a phone number, an email address, and a private address. (Doc. no. 1, p. 2.) The information provided rings false because it obviously costs money to live.

Moreover, the Court is aware Plaintiff has filed several recent cases with IFP motions in this Court. In those motions, Plaintiff provided different financial information than in her instant motion. See Elliot v. Vinebrook Home, CV 123-068-JRH-BKE, doc. no. 2, (June 2, 2023); Elliot v. Vinebrook Home, CV 123-119-JRH-BKE, doc. no. 2, (Aug. 23, 2023); Elliot v. Vinebrook Home, CV 123-172-JRH-BKE, doc. no. 2, (Nov. 27, 2023). The Court will accept no less than the truth from litigants who appear in the Southern District of Georgia. See

3

Johnson v. Chisolm, No. CV411-127, 2011 WL 3319872, at *1 n.3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against [litigants] who lie to or otherwise deceive this Court."), *adopted by* CV 411-127, doc. no. 8; see also Moss v. Premiere Credit of N. Am., LLC, No. CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court."). As Plaintiff appears to have either deliberately or accidentally provided inconsistent and/or incorrect financial information on her current IFP motion, she must provide supplemental information. See, e.g., Kareem v. Home Source Rental, 986 F. Supp. 2d 1345, 1346-47 (S.D. Ga. Dec. 9, 2013) (requiring supplemental financial information from litigant seeking to proceed IFP who claimed to "subsist[] on zero income, zero savings, and a single asset" while also supporting four dependents).

In sum, leave to proceed IFP is discretionary with the Court, and that discretion is to be exercised so as not to deny a party access to the courts solely on account of financial standing. See Denton v. Hernandez, 504 U.S. 25, 31 (1992). Although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a *privilege*, not a right. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993). However, the Court must have a full, accurate, and current description of Plaintiff's financial situation before determining whether Plaintiff should be allowed to proceed IFP. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request

4

to proceed IFP. (Doc. no. 2.) The Court **DIRECTS** Plaintiff to submit a new motion to proceed IFP within twenty-one days of the date of this Order.[1]

If Plaintiff wishes to proceed IFP in this action, she must fill out the attached IFP form and provide the Court with current, accurate, and complete financial information. The enclosed Form AO 239 provides Plaintiff with the specific breakdown of expenses that must be disclosed. When asked for details about expenses and income, Plaintiff must describe how much she spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance she may receive. Plaintiff must describe how she gets the money to pay for those expenses (to include income from any family members who may reside with her or contribute to paying her expenses), and she must disclose whether she is the account owner, or has signature power, as to any accounts with a bank or other financial institution. Upon receipt of the new motion to proceed IFP, the Court will determine whether Plaintiff should be granted leave to proceed IFP or should be required to pay the $405 filing fee. Of course, should she choose to do so, Plaintiff may simply pay the $405 filing fee within twenty-one days in lieu of submitting a new IFP motion.

## II.     PLAINTIFF MUST SUBMIT AN AMENDED COMPLAINT

In addition to the deficiencies in Plaintiff's IFP motion, the Court is unable to determine the legal and factual bases for her claims against all Defendants from the complaint as it currently stands. (<u>See generally</u> doc. no. 1.) Under Federal Rule of Civil Procedure 8(a),

---

[1] The Court **DIRECTS** the **CLERK** to enclose Form AO 239, Application to Proceed in District Court Without Prepaying Fees or Costs, stamped with the appropriate case number, with Plaintiff's service copy of this Order.

Plaintiff must proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that she is entitled to relief, and (3) demanding judgment for the relief that she seeks.

This is the fifth case regarding attempts to evict Plaintiff from the same address. In the other cases, Plaintiff challenged the dispossessory action filed against her by Vinebrook Homes in the Magistrate Court of Richmond County, Georgia. The Court dismissed all for lack of subject matter jurisdiction. See Elliot v. Vinebrook Home, CV 123-068-JRH-BKE (July 11, 2023); Elliot v. Vinebrook Home, CV 123-119-JRH-BKE (Sept. 26, 2023); Elliot v. Vinebrook Home, CV 123-172-JRH-BKE (Dec. 21, 2023). Even with these dismissals, Plaintiff filed yet another case; however, this time she asserts Defendant Vinebrook and various Richmond County Marshals Defendants violated her civil rights while enforcing the purported illegal eviction. (See doc. no. 1); CV 123-200, doc. no. 1.

With that background and giving a liberal construction to Plaintiff's *pro se* pleading, "while she may, in part, be challenging the order of eviction, she is also claiming that her constitutional rights were violated, not by the fact of the eviction ruling, but by the manner in which the eviction itself was carried out at the direction of the" Richmond County Marshals Office. Christophe v. Morris, 198 F. App'x 818, 825-26 (11th Cir. 2006) (*per curiam*). Constitutional claims against county officials directing an eviction do not run into the same legal hurdle as claims that challenge the state eviction order itself. Id. at 825 ("The complaint was construed as a challenge to the state court's ruling that she violated her lease, and, therefore, that the landlord was legally permitted to an order of eviction or dispossession, the district court properly dismissed the complaint under the Rooker-Feldman doctrine because federal courts are not the proper venue for appealing a state court judgment."); see also Enwonwu v. Fulton Cnty. Marshal, No. 1:16-CV-0797, 2016 WL 11467578, at *8 (N.D. Ga.

6

Oct. 27, 2016), *adopted by* 2016 WL 7030323 (N.D. Ga. Dec. 2, 2016); Daley Real Estate v. Bester, No. 422-cv-267, 2022 WL 18276705, at *3 (S.D. Ga. Nov. 16, 2022) ("Simply put, because landlord-tenant disputes are matters of state law, an action for eviction cannot be the basis of federal question jurisdiction." (citation omitted)), *adopted by* 2023 WL 174994 (S.D. Ga. Jan. 12, 2023).

Plaintiff alleges various Fourth and Fourteenth Amendment violations, which are properly brought in federal court pursuant to 42 U.S.C. § 1983. Ratfield v. Cohen, No. 22-11961, 2022 WL 14786008, at *1 (11th Cir. Oct. 26, 2022) ("A suit brought under 42 U.S.C. § 1983 challenges the constitutionality of the actions of state officials."). Moreover, while Plaintiff broadly alleges "Defendant Marshals violated the Plaintiff's 4th Amendment rights" and "14th Amendment rights," she fails to specifically connect allegations of wrongdoing to the legal elements of her constitutional claims. (Doc. no. 1, p. 3.)

Plaintiff sued the Richmond County Marshals Office, which is not a proper party because it is not considered a legal entity that is subject to suit. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). While Plaintiff also sues individual officers, she alleges no facts suggesting any of them committed acts or omissions in violation of her constitutional rights. (See generally doc. no. 1.) Further, Plaintiff sues Defendant Vinebrook for allegedly not checking that proper eviction procedures were followed, but she also does not connect them to any acts or omissions that violate her constitutional rights. See CV 123-200, doc. no. 1, p. 2. Such generalities will not suffice. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

7

In sum, the pleadings fail to meet the requirements of Federal Rule of Civil Procedure 8 for a short and plain statement showing Plaintiff is entitled to relief and the Court cannot hypothesize as to which claims Plaintiff might want to bring with the facts presented. See In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (Court does not have a "license to serve as de facto counsel for a party, or to re-write an otherwise deficient pleading in order to sustain an action. . . ."). Recognizing Plaintiff's *pro se* status, the Court will provide Plaintiff an opportunity to cure these pleading deficiencies by amending Plaintiff's complaint.

Accordingly, the Court **ORDERS** Plaintiff to file one amended complaint captioned with CV 123-199 within twenty-one days of the date of this Order that complies with the requirements of Federal Rule of Civil Procedure 8(a) that a pleading provide a short and plain statement of the grounds for the Court's jurisdiction, showing Plaintiff is entitled to relief, and a demand for the relief sought.[2] See Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018). If Plaintiff wishes to proceed with this action, Plaintiff must file a complete amended complaint in accordance with the instructions in this Order, and include all matters Plaintiff wishes the Court to consider in that one document.

The amended complaint must be printed legibly, or typed, so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff in CV 123-199 and CV 123-200. Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007)

---

[2] The Court **DIRECTS** the **CLERK** to enclose Form Pro Se 15, Complaint for Violation of Civil Rights (Non-Prisoner) stamped with the appropriate case number, with Plaintiff's service copy of this Order.

8

("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual or entity that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in the amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to the amended complaint, Plaintiff shall not incorporate them by reference as a means of providing the factual basis for the complaint. For example, Plaintiff should not simply state, "See attached documents." The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in the amended complaint. Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into the amended complaint by reference. Moreover, Plaintiff shall submit only **one** amended complaint in CV 123-199 in accordance with the terms of this Order.

Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that Plaintiff wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and whether any Defendant should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request to proceed IFP. (Doc. no. 2.)  Using the enclosed forms, Plaintiff must submit a new IFP motion, or pay the $405.00 filing fee, and must submit an amended complaint in accordance with the instructions provided above.[3]  Failure to comply with the terms of this Order within twenty-one days may result in a recommendation that this case be dismissed.

**Finally, Plaintiff is cautioned that while this action is pending, she shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case.**

SO ORDERED this 5th day of January, 2024, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Because Plaintiff has filed multiple cases regarding alleged wrongdoing by Defendant Vinebrook, the Court **DIRECTS** the **CLERK** to send a courtesy copy of this Order via email to Attorney Daniel W. Hamilton, counsel who appeared on behalf of Defendant Vinebrook in CV 123-068.  See CV 123-068, doc. no. 5.